UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN DAVID ARBOLEDA TORRES,

Petitioner,

v.

WARDEN CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-06442 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

Petitioner Christian David Arboleda Torres is detained at the California City Immigration Processing Center pending the resolution of his removal proceedings. He filed the instant petition for writ of habeas corpus (Dkt. No. 1) and application for a temporary restraining order (Dkt. No. 2) arguing that his detention violates due process, and seeking immediate release. For the reasons that follow, the Court finds that Petitioner is entitled to relief on his procedural due process claim, and resolves the application for a temporary restraining order as moot.

## I. BACKGROUND

Petitioner is a 32-year-old native of Columbia who entered the United States on or about July 7, 2023 through the Miami International Airport with his wife and youngest son. *See* Dkt. No. 1 at 18. Following his entry, he was paroled into the country by immigration authorities on a B2 Visa, with an expiration of January 6, 2024. Dkt. No. 2 at 37. Petitioner did not depart from the United States upon the expiration of his authorized period of admission.

Since entering the United States, Petitioner began living in West Palm Beach, Florida

with his wife and child. Dkt. No. 1 at 18. He also applied for asylum before the expiration of his parole. *Id.*; Dkt. No. 2 at 3. Petitioner attended a biometrics appointment on September 7, 2023 in relation to that application. Dkt. No. 2 at 42. Petitioner also received work authorization through USCIS, a social security card, and a driver's license pursuant to the filing of his asylum application. *See id*. at 39–40. Respondents did not seek to detain Petitioner after he overstayed his parole, after the filing of his asylum application, or after he was granted work authorization by USCIS. Rather, Petitioner was detained by U.S. Immigrations and Customs Enforcement ("ICE") on June 22, 2026 while he was driving in West Palm Beach, Florida. Dkt. No. 6-1 at 2.

## II. DISCUSSION

Petitioner contends that he has been unlawfully detained by Respondents in violation of his due process rights. *See* Dkt. No. 1 at 20–21. Respondents oppose constitutional relief on the basis that Petitioner is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a), but has not requested one. Dkt. No. 6 at 1. The court addresses exhaustion first before turning to the merits.

### A. Exhaustion

Before a district court reaches the merits of a habeas petition challenging immigration detention, it ordinarily considers whether the petitioner has exhausted available administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds, Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Exhaustion of administrative remedies may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (cleaned up). As the exhaustion requirement is prudential rather than jurisdictional, the court may use its discretion to excuse exhaustion in situations where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir.

2004) (cleaned up).

Respondents argue that the petition should be denied based on Petitioner's failure to request a bond hearing pursuant to § 1226(a) before seeking habeas relief. Dkt. No. 6 at 1. Petitioner's central claim, however, "is that his detention has unconstitutionally deprived him of his right to due process from the outset." *Norberto v. Warden, Central Valley Annex*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *3 (E.D. Cal. July 9, 2026). That is the sort of constitutional challenge that is "beyond the competence of the [agency] to decide," *Zamorano v. Garland*, 2 F.4th 1213, 1224 (9th Cir. 2021) (cleaned up), and so the prudential exhaustion requirement does not bar review. *See Hernandez v. Sessions*, 872 F.3d 976, 988-89 (9th Cir. 2017). "[A]dministrative exhaustion would not cure the due process violation that [P]etitioner experienced when he was detained without notice or an individualized assessment." *Leon Yero v. U.S. Gen. Att'y*, No. 1:26-CV-04312, 2026 WL 1707102, at *3 (E.D. Cal. June 12, 2026).

Accordingly, the Court waives the exhaustion requirement here and proceeds to the merits of Petitioner's due process claim.

**B. Liberty Interest**

Judges throughout the Ninth Circuit have held, on facts materially similar to these, "that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." *Norberto*, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026); *see also De La Garza v. Albarran*, No. 25-CV-10305, 2025 WL 3485157, at *4 (N.D. Cal. Dec. 4, 2025) (finding liberty interest where non-citizen had previously applied for legal permanent residence and completed biometrics processing, but was detained at an ICE check-in the following year); *Villanueva-Montanez v. Lyons*, No. 2:26-CV-00954, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026) (finding that when a noncitizen "enter[s] the United States lawfully" and later seeks lawful immigration status, but is not detained thereafter, it vests the same liberty interest as a prior detention and release); *Anderson v. Chernut*, No. 1:26-CV-01960, 2026 WL

809990, at *2 (E.D. Cal. Mar. 24, 2026) (explaining that "the government's knowing decision not to detain an individual creates a liberty interest in their continued release"); *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding that "the government's decision not to detain Petitioner when it processed her [immigration] application, took her biometrics, … and advised her to appear" for appointments connected with her application gave rise to a liberty interest); *Abdeltawab v. Armant*, No. EDCV 26-01520, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) (finding a liberty interest for petitioners who "have never been in immigration custody in the first place due to years of deliberate acquiescence by [the government]"); *Gagik T. v. Chestnut*, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) (finding liberty interest where petitioner was not detained following the expiration of his B-2 Visa, applying for asylum, and receiving work authorization).

The court finds that reasoning applicable here. Petitioner was expressly authorized to remain in the United States through January 2024. Following that authorization, he continued to pursue his asylum claim with USCIS and was granted work authorization. In other words, although his initial permission to remain in the United States expired, Petitioner continued to engage in the immigration process after that point. By acquiescing to his continued presence in the United States, the Government vested in Petitioner a liberty interest in his continued freedom. *See Villanueva-Montanez*, 2026 WL 797930, at *1; *Anderson*, 2026 WL 809990, at *2; *Abdeltawab*, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026).

**C. *Mathews* Factors**

Having found a protected liberty interest, Petitioner was entitled to process commensurate with that interest. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's

interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Each factor favors Petitioner here. His interest in freedom from physical detention is weighty, particularly in light of the fact that his wife and child live in the United States. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The risk of erroneous deprivation from seizing an asylum applicant who previously had been paroled into the country without any prior opportunity to be heard, is substantial, and the value of a pre-deprivation hearing in reducing that risk is correspondingly high. In contrast, the Government's interest is minimal: it has identified no reason a custody hearing could not have preceded, rather than followed, Petitioner's detention, and a pre-deprivation hearing imposes only the ordinary administrative burden of a proceeding the Government must ultimately conduct under § 1226(a). Indeed, Respondents offer no specific reason to conclude that post-deprivation process would suffice to cure the constitutional violation in this case, such as a criminal charge or arrest that necessitated immediate detention. *C.f. Addemys N.R. v. Warden*, 1:26-CV-03892-MWJS, 2026 WL 1831763, at *3 (E.D. Cal. June 25, 2026) (holding that post-deprivation process was constitutionally sufficient because "Petitioner was recently arrested by state law enforcement authorities on a charge of having committed a serious criminal violation"). Indeed, Petitioner claims to have no criminal history, which is corroborated by the records submitted by Respondents. *See* Dkt. No. 6-1 at 3. Accordingly, the Court concludes that due process requires that Petitioner be released.

## III. CONCLUSION AND ORDER

For the reasons stated above, the petition for writ of habeas corpus is GRANTED as to Petitioner's procedural due process claim. The Court ORDERS Respondents to immediately release Petitioner from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such

hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

**IT IS SO ORDERED.**

Dated: August 26, 2026

VINCE CHHABRIA
United States District Judge